JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BRYANT SAMUEL and ANNETTE SAMUEL

## DEFENDANTS
NCO FINANCIAL SYSTEMS, INC.

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE
04/30/2013

SIGNATURE OF ATTORNEY OF RECORD
[signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

BRYANT SAMUEL and ANNETTE SAMUEL : 
: CIVIL ACTION
v. :
: NO.
NCO FINANCIAL SYSTEMS, INC. : :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| 04/30/2013 | Craig Thor Kimmel | Plaintiffs, Bryant & Annette Samuel |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-540-8888 | 877-788-2864 | kimmel@creditlaw.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 163 Waldo Rd., Pasadena, MD 21122

Address of Defendant: 507 Prudential Road, Horsham, PA 19044

Place of Accident, Incident or Transaction: _____
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, Craig Thor Kimmel, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 04/30/2013   _____   57100
                   Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 04/30/2013   _____   57100
                   Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYANT SAMUEL and ANNETTE SAMUEL, | ) ) ) |
| Plaintiffs | ) Case No.: |
| v. | ) ) **COMPLAINT AND DEMAND FOR** ) **JURY TRIAL** |
| NCO FINANCIAL SYSTEMS, INC., | ) ) **(Unlawful Debt Collection Practices)** |
| Defendant | ) |

## COMPLAINT

BRYANT SAMUEL and ANNETTE SAMUEL ("Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1.  Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has its principal office located in the Commonwealth of Pennsylvania; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5. Plaintiffs are natural persons residing in Pasadena, Maryland at the time of the alleged harassment.

6. Plaintiffs are persons granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania 19044.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiffs.

11. Upon information and belief, the alleged debt arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in January 2013 and continuing through April 2013, Defendant repeatedly and continuously contacted Plaintiffs on their home telephone in its attempts to collect a debt.

13. Plaintiffs do not owe the debt that Defendant was attempting to collect.

14. Instead, the debt Defendant was attempting to collect is owed by their son, who has not lived at their residence since 1999.

15. During the relevant period, Defendant called Plaintiffs' home telephone between one (1) and four (4) times per day.

16. On multiple occasions, Plaintiffs spoke with several of Defendant's collectors to inform them that the person being called cannot be contacted their number and to stop calling them.

17. Defendant failed to investigate the information and/or update its records to avoid the further harassment of Plaintiffs.

18. Moreover, Defendant did not possess any information to contradict

Plaintiffs' statements.

19. Nevertheless, Defendant persisted in calling Plaintiffs about a debt of their son.

20. Knowing that Plaintiffs did not wish to be called further, the only purpose for disregarding these wishes would be to harass them.

21. Most recently, Defendant called Plaintiffs on April 22, 2013.

22. In addition to speaking with Defendant's collectors to try to stop the collection calls, Plaintiffs also followed Defendant's automated prompt system in an attempt to have their phone number removed from Defendant's call list.

23. However, once again, Plaintiffs' attempts to stop the collection calls were unsuccessful, as Defendant continued to call Plaintiffs' home on a repetitive and continuous basis.

24. Finally, in its attempts to collect the debt, Defendant left numerous messages on Plaintiffs' home answering machine stating that it was a debt collection agency attempting to collect a debt.

25. This was extremely embarrassing to Plaintiffs as they do not owe a debt, and on at least one occasion, Plaintiffs' friends overheard the message that Defendant left.

26. Defendant called Plaintiffs on a repetitive and continuous basis with the intent of harassing, knowing Plaintiffs were not the correct persons it sought.

27. By continuously calling over a debt they did not owe, and failing to update its records to avoid the further harassment of Plaintiffs, Defendant engaged in conduct which as the natural consequences of harassing the recipient.

28. Upon information and belief, information was readily available to Defendant, and/or was available in the public domain, that the number it was calling belonged to Plaintiffs and/or was associated with Plaintiffs' home address.

29. The repetitive calls to Plaintiffs were harassing, aggravating and highly intrusive.

30. Plaintiff has spent time and effort dealing with these calls and trying to stop the collection calls to them for another person.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

31. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692b(3).

   a. Section 1692b(3) of the FDCPA prohibits a debt collector from communicating with any person other than a consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

- 5 -

b. Here, Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiffs more than once about another person's debt, despite having been notified that it was calling the wrong person.

## COUNT II

32. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(1).

    a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer, including communication between a debt collector and consumer prior to 8:00 a.m. or after 9:00 p.m.

    b. Here, Defendant violated §1692c(a)(1) of the FDCPA by placing numerous collection calls to Plaintiffs at their home residence about another individual's debt, which was an inconvenient place for Plaintiffs to receive collection calls.

## COUNT III

33. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

    a. A debt collector violates §1692d of the FDCPA by engaging in

conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by calling Plaintiffs nearly every day, sometimes calling four (4) times a day, about another person's debt with the intent to annoy, abuse, and harass Plaintiffs into paying the debt.

## COUNT IV

34. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692f.

a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

a. Here, Defendant violated §1692f of the FDCPA by failing to update its records to stop the collection calls to Plaintiffs and leaving voicemail messages on Plaintiffs' home answering machine announcing that it was a debt collector and calling to collect a debt, which was overheard by people at their house.

WHEREFORE, Plaintiffs, BRYANT SAMUEL and ANNETTE SAMUEL, respectfully pray for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, BRYANT SAMUEL and ANNETTE SAMUEL, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 04/30/13

KIMMEL & SILVERMAN, P.C.

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 116
Fax: (877) 788-2864
Email: kimmel@creditlaw.com